UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>IM SERVICES GROUP, LLC,<br><br>　　Debtor. | Case No. 21-00737-NGH |
| TIMOTHY R. KURTZ,<br><br>　　Plaintiff,<br><br>v.<br><br>HENRY ALEC MCLARTY; K4 FAMILY TRUST, K4 SERVICES LLC, HENRY ALEC MCLARTY as Trustee for the K4 FAMILY TRUST; AND Does 1-5,<br><br>　　Defendants. | Adv. No. 23-06038-NGH |

**ORDER REFERRING ADVERSARY PROCEEDING TO SETTLEMENT JUDGE**

　　Based on the stipulation for judicial settlement conference filed by the parties, Doc. No. 37, and good cause appearing,

　　IT IS HEREBY ORDERED that:

1. United States Bankruptcy Judge Whitman L. Holt (the "Settlement Judge") is appointed as a settlement judge to assist in resolving any disputes between or among the parties involved in this adversary proceeding.

ORDER - 1

2. Each party is authorized to take all steps necessary or appropriate regarding scheduling, preparing, and participating in settlement conferences with the Settlement Judge.

3. The parties shall contact Judge Holt's Judicial Assistant, Chantelle Sliman, at Chantelle_Sliman@waeb.uscourts.gov for scheduling purposes and to address any other details about the settlement conference. The parties should confer regarding the available dates and times for a status conference before the Settlement Judge. Once scheduled, the Settlement Judge may enter such orders and instructions to the parties as he deems appropriate in preparing for and establishing the settlement conference.

4. The Settlement Judge is being appointed to act in the specific capacity as a United States Bankruptcy Judge. By serving as a settlement judge, the Settlement Judge performs judicial duties. *See, e.g.*, 28 U.S.C. § 651; Fed. R. Civ. P. 16(a)(5), (c)(2)(I); Code of Conduct for United States Judges, Canon 3(A)(4)(d). As such, the Settlement Judge and all persons assisting the Settlement Judge will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the Settlement Judge's role as settlement judge.

5. All parties participating in the settlement process:

    (i) waive any claims or causes of action against the Settlement Judge or any court employees assisting with the settlement process that arise from or relate to the settlement process; and

    (ii) waive any right to compel from the Settlement Judge or from any court employees assisting with the settlement process any oral or written testimony, document production (including, without limitation, regarding any records, reports, summaries, notes, communications, or other documents received or made by the Settlement Judge or any court employees while serving in such capacity), or other participation whatsoever in any litigation, judicial, arbitral, or other proceeding of any kind.

    The Settlement Judge may, in the Settlement Judge's sole discretion, require that the parties sign an agreement memorializing the above understandings before agreeing to serve as a settlement judge.

6. All documents created for the settlement process and statements by the parties, attorneys, the Settlement Judge, any court employees, or other participants that

ORDER - 2

    are presented or made during the settlement process will in all respects be privileged, not reported, not recorded, not placed into evidence, not made known to the court, and not construed for any purpose as an admission.

7. No party is bound by any statement made or act taken during the settlement process unless a settlement is reached by the parties. If a settlement is reached, the settlement terms must be reduced to writing or recited and agreed to on the record.

8. The Court has and retains exclusive jurisdiction and power regarding all matters arising from or related to (i) this order and (ii) the Settlement Judge's role as settlement judge.

9. The Settlement Judge is requested to provide a report concerning the outcome of the judicial settlement conference upon its conclusion and may file such interim reports as the Settlement Judge concludes is appropriate.

IT IS FURTHER ORDERED that the trial set to commence on March 25, 2025, and the associated deadlines for filing witness lists, exhibit lists, and briefs, Doc. No. 26, are hereby VACATED.

DATED: January 28, 2025

_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

ORDER - 3